UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                              :

WALTER HICKEY and                       :
ANNIE HICKEY,                                   :
                                                              :
                       Plaintiffs,         :
                                                                :        01 Civ. 6506 (GEL)
   -against-                               :
                                                                :        **OPINION AND ORDER**
THE CITY OF NEW YORK et al.            :
                                                                 :
                        Defendants.      :
------------------------------------------------------------x

Dan Cherner, Law Offices of Dan Cherner, New
York, New York, for Plaintiffs.

James Tampellini, Katten Muchin Zavis Rosenman,
New York, New York, for Defendants.

GERARD E. LYNCH, District Judge:

      In this action, filed five years ago, plaintiffs asserted numerous claims of excessive force and false arrest against numerous defendants in connection with the shooting of plaintiff Walter Hickey on February 23, 1999. On January 31, 2005, following a three-week trial, a jury returned a verdict in favor of all remaining defendants on all counts. Plaintiffs appealed the verdict, and on March 31, 2006, the Court of Appeals affirmed. On May 10, 2006, the Clerk of the Court docketed a bill of costs in favor of defendants against plaintiffs in the amount of $77,051.45. Plaintiffs now object to the award of costs, arguing that the bill of costs was not properly served and that an award of costs in this case "weighs against the scales of fairness and justice" (Pl. Mem. 2). For the reasons below, plaintiffs' objections will be rejected.

      A full description of the events surrounding plaintiffs' claims can be found in the Court's prior opinion in connection with defendants' motion for summary judgment, Hickey v. City of

New York, No. 01 Civ. 6506, 2004 WL 2724079 (S.D.N.Y. Nov. 29, 2004).  However, in connection with the present matter – plaintiffs' objections – the case's procedural history, not its factual history, is most relevant.  Plaintiffs claim that on April 14, 2005, defendants attempted to file and serve a bill of costs, but that service on plaintiffs' counsel Everett Hopkins was defective because the bill was served at 156-17 Merrick Boulevard, instead of at his actual address, 186-17 Merrick Boulevard.  (Pl. Mem. 1.)  Furthermore, following the decision of the Court of Appeals, plaintiffs claim they "are not aware of any new filing for a Bill of Costs" and "were not aware of any date set to appear before the Clerk to consider costs."  (Pl. Mem. 2.)  Accordingly, plaintiffs argue that defendants are not entitled to payment of costs.

Defendants dispute plaintiffs' allegation that the April 14, 2005, service was improper.  However, defendants provide no evidence to support their claim that they filed and served a bill of costs in April 2005,[1] and the Court's docket does not indicate that any bill of costs was filed on or about that time.  In any event, defendants argue that any defect in the purported April 2005 bill of costs was cured by the service of a subsequent bill of costs on April 25, 2006, following the resolution of plaintiffs' appeal.

Fed. R. Civ. P. 54(d)(1) states that "costs . . . shall be allowed as of course to the prevailing party unless the Court otherwise directs."  To obtain costs in this district, a prevailing party must, "[w]ithin thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal, . . . file with

---

[1] This absence of evidence is especially striking when compared to the evidence defendants submitted in connection with the 2006 bill of costs, which included an affidavit from defendants' paralegal, an affidavit of service, and date-stamped copies of the relevant documents.

the clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation." Local R. 54.1(a). This "request to tax costs" must be served on the opposing party "not less than three (3) days (if service is made by hand delivery) or six (6) days (if service is made by any means other than hand delivery) before the date and time fixed for taxation." Id. If the non-prevailing party wishes to object to the imposition of costs, that party "shall serve objections in writing prior to or at the time for taxation." Local R. 54.1(b). After the Clerk taxes or refuses to tax a party's costs, the Clerk's decision may be reviewed by the Court on a "motion served within 5 days" of the Clerk's decision. Fed. R. Civ. P. 54(d)(1).

Defendants have provided evidence that on April 25, 2006, they filed a request to tax with the Clerk of the Court (Dekhman Decl. ¶ 3) and served the request to tax on Daniel Cherner and Everett Hopkins, plaintiffs' attorneys (id. ¶¶ 2, 4; id. Ex. B). The request to tax, which defendants titled "Notice of Application for Costs Sought Against Plaintiffs Walter Hickey and Annie Hickey," stated that defendants would "move this Court before the Judgment Clerk" for an order granting fees and costs on May 10, 2006, at 10:00 a.m. (Id. Ex. A.) According to the affidavit of service submitted by defendants, they did, as plaintiffs claim, serve Hopkins at an incorrect address. (Id. Ex. B.) However, the affidavit of service also indicates that the request to tax was served on plaintiffs' attorney Dan Cherner at 350 Broadway, Suite 1204 (id.), which is the address Cherner provides in connection with plaintiffs' objections (Pl. Mem. 3).

Defendants' request to tax was timely and proper. The Court of Appeals issued its final decision on March 31, 2006, see Hickey v. City of New York, 173 F. Appx. 893 (2d Cir. 2006), and its mandate on April 25, 2006. Counting from either date, defendants' filing of the request to tax on April 25 was within the thirty-day window provided by Local Rule 54.1. Furthermore,

3

service was timely under Local Rule 54.1, because defendants served Cherner by mail on April 25, 2006, more than six days before the date for taxation on May 10, 2006.[2]

Plaintiffs did not object to defendants' request to tax before or at the taxation on May 10, 2006, and plaintiffs did not move this Court to review the Clerk's imposition of costs within five days of the Clerk's decision. Accordingly, plaintiffs have waived any objection to the bill of costs. See Dejesus v. Star Technical Risks Agency, Inc., No. 03 Civ. 1298, 2005 WL 957389, at *1 (S.D.N.Y. Apr. 25, 2005) ("plaintiff defaulted under Local Rule 54.1 by not objecting to the bill of costs prior to [the date of taxation]"); L & B 57th Street, Inc. v. E.M. Blanchard, Inc., No. 95 Civ. 3450, 1997 WL 403430, at *1 (S.D.N.Y. July 16, 1997) ("Failure to make written objections prior to or at the hearing normally constitutes a default."); see also Dejesus, 2005 WL 957389, at *1 (finding plaintiff's motion untimely because it was filed more than five days after taxation); Glucover v. Coca-Cola Bottling Co., No. 91 Civ. 6331, 1996 WL 1998, at *3 (S.D.N.Y. Jan. 3, 1996) ("a motion for district court review of a judgment clerk's imposition of costs must be made within five days").

Plaintiffs attempt to escape from their waiver by claiming that they were not aware of defendants' 2006 request for costs or the May 10 date to appear before the Clerk. (Pl. Mem. 2.) This attempt is unsuccessful. Regardless of defendants' mistake regarding Hopkins's address, there is no dispute that defendants served Cherner at his proper address. Cherner has represented

---

[2] Plaintiffs' objection concerning the alleged initial bill of costs filed in 2005 is a red herring. Regardless of whether defendants filed a proper bill of costs prior to plaintiffs' appeal, the appeal provided defendants with an opportunity to file a renewed bill of costs. See Local R. 54.1(a) (allowing for the filing of a request to tax within thirty days of judgment *or* within thirty days of disposition on appeal); see also Shapiro v. Kronfeld, No. 00 Civ. 6286, 2005 WL 183137, at *3 (S.D.N.Y. Jan. 27, 2005).

plaintiffs throughout this action, filed the objections here at issue, and is listed as the lead attorney for plaintiffs on the Court's docket. Accordingly, service on Cherner is sufficient to satisfy Local Rule 54.1(a)'s service requirement.

Defendants have provided the affidavit of Valery Dekhman, who states that she mailed the request for costs (Dekhman Decl. Ex. A) to Cherner, at his proper address, on April 25, 2006. (Id. Ex. C.) This affidavit is sufficient to establish prima facie proof of service and creates a presumption that plaintiffs were properly served. Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002). To rebut this presumption, plaintiffs must supply a "sworn denial of receipt of service" that alleges "specific facts to rebut the statements in the process server's affidavit." Id. (internal quotations and citations omitted). Here, plaintiffs have not provided the required denial, and therefore plaintiffs have not rebutted the presumption that they were properly served. Instead, plaintiffs simply state that they are "not aware of any new filing for a Bill of Costs" and that they "were not aware of any date set to appear before the Clerk to consider costs." (Pl. Mem. 2.)

First, these claims regarding plaintiffs' awareness are merely included in plaintiffs' objections, signed only by Cherner, and are not a "sworn denial of receipt of service" by plaintiffs. Second, nothing in plaintiffs' statements contradicts defendants' evidence that the necessary documentation was *served on Cherner*. Plaintiffs' denials appear to be carefully worded, and specifically relate only to their awareness of what defendants filed with the Court (as opposed to what was served on plaintiffs themselves) and what date was set for the taxation. In the midst of these limited denials, plaintiffs' failure to provide an affidavit from *Cherner* swearing that *he* was not properly served is a glaring omission. Defendants' response to

5

plaintiffs' objections clearly asserts that plaintiffs were properly served through service on their attorney, Cherner. Plaintiffs have had ample opportunity to reply and provide an affidavit from Cherner that rebuts defendants' assertion. They have not done so.[3]

In any event, even if the Court were to reach the substance of plaintiffs' objections, they are all without merit. Plaintiffs' substantive objections comprise fourteen lines in a two-page brief. First, plaintiffs assert that the $40,088.07 defendants seek for expert fees is "not an appropriate amount" because defendants "only presented one expert, a psychiatrist." (Pl. Mem. 2.) Plaintiffs offer no support for this assertion, and raise no specific objections to the itemized documentation of the psychiatrist-related fees provided by defendants. (Dekhman Decl. Ex. A.)

Second, plaintiffs state that "no costs should be awarded in this case" because it was "vigorously litigated" and involved "real and lasting injuries." (Pl. Mem. 2.) However, Fed. R. Civ. P. 54(d)(1) states that costs should be awarded "as of course." Accordingly, plaintiffs have the burden to show that costs should not be imposed. See Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001). Our Court of Appeals has stated that this burden can be met by a showing of

---

[3] Wholly apart from the issue of service, plaintiffs' motion is untimely. The Clerk's decision was rendered on May 10 and docketed on May 12. Plaintiffs' objections were not filed until May 24. Treating the objections as a motion for review under Fed. R. Civ. P. 54(d)(1), plaintiffs' motion was filed fourteen days after taxation, or nine days after the Rule's five-day deadline.

Regardless of whether plaintiffs were properly served, there is no doubt that plaintiffs had actual notice of the bill of costs shortly after it was taxed by the Clerk on May 10. On the date of taxation, defendants sent a letter to Cherner and Hopkins informing them of the bill of costs and requesting payment. (Dekhman Decl. ¶ 6; id. Ex. C.) Plaintiffs do not deny receiving these letters. While Hopkins's letter was admittedly sent to the wrong address, Hopkins called defendants' counsel on May 13 or May 14 to inform them that he did receive the May 10 letter. Accordingly, even when counting from the date of actual notice of taxation, plaintiffs' motion was filed after the five-day deadline. But cf. Dejesus, 2005 WL 957389, at *1 (stating that Rule 54(d)(1)'s five-day deadline starts from the date of taxation and that the date of actual notice of taxation is irrelevant).

misconduct, public importance, or the presence of difficult issues. Id. Many cases are vigorously litigated, and many cases involve actual injuries. Neither factor removes this case from the general presumption that costs should be awarded to the prevailing party.

Last, plaintiffs assert that they cannot afford the costs imposed against them. Specifically, plaintiffs state that "[i]t weighs against the scales of fairness and justice to award costs to the City, which is run on taxpayer money, and which used taxpayer money to defend this case, and to require Plaintiffs to pay such costs, which they cannot and will not be able to afford." (Pl. Mem. 2.) While indigency may exempt a party from the payment of costs in some circumstances, see Whitfield, 241 F.3d at 270, indigency does not render a party immune from the general obligation to pay, see Glucover, 1996 WL 1998, at *2. Here, plaintiffs do not even assert actual indigency; indeed, plaintiffs have retained two attorneys during the course of this action. Rather, plaintiffs simply assert that they cannot afford the costs. Plaintiffs' nine-word assertion in a dependant clause in the last sentence of their brief is insufficient to support a denial of costs, especially given the Court's obligation to articulate reasons for a denial based on indigency, see Whitfield, 241 F.3d at 270, and the lack of documentation supporting the assertion, see Glucover, 1996 WL 1998, at *2 (refusing to deny costs based on plaintiff's indigency because plaintiff relied on affidavit and did not provide documentary support).

In conclusion, plaintiffs' objections to the Clerk's award of costs are untimely, and are therefore rejected. In any event, plaintiffs' objections are without merit, and do not warrant a setting aside of the costs. The Clerk of the Court is respectfully directed to close out plaintiffs' objection to the bill of costs (Doc. #108) for all internal statistical purposes.

SO ORDERED.

Dated: New York, New York
August 11, 2006

*[signature]*
GERARD E. LYNCH
United States District Judge